# Exhibit 6

**From:** "Wiltsie, Susan" <swiltsie@hunton.com>
**Date:** July 1, 2020 at 7:56:07 AM EDT
**To:** "Casey, Jennifer - SOL" <Casey.Jennifer@DOL.GOV>
**Cc:** "Finnigan, Matthew - SOL" <Finnigan.Matthew@dol.gov>, "Stanley, Sheila A. - OSHA" <Stanley.Sheila.A@dol.gov>, "Moore, Reilly" <RMoore@hunton.com>, "Cunningham, Alexandra" <acunningham@hunton.com>, "McClure, Amy" <AMcClure@smithfield.com>
**Subject: RE:  OSHA Subpoena to State of South Dakota, Department of Health**

Jennifer -

I do not think based on your response that you fully appreciate the nature of our concerns.   We do not dispute OSHA's authority to issue subpoenas.   You have told us that OSHA has issued a number of third party subpoenas in this matter.  We have made no efforts to interfere with any other subpoena.  As such, it should be clear that we are not objecting to the agency's view of its authority.
This situation is unique and, I believe, unprecedented.   Smithfield is engaged in a cooperative effort with DOH to conduct an epidemiological study for the public good.   OSHA seeks to use information collected, compiled, and analyzed by DOH to evaluate whether to issue citations/penalties against the Company.   Of course, that is adversarial.   You have represented to us that the documents to be produced do not interfere with the epi study.  With due respect, none of us have seen these documents and cannot possibly know whether that is in fact true.   We need to review the documents in advance of production to either eliminate this disagreement entirely or narrow the issues of disagreement.   We can conduct that review within 24 hours of receiving access from DOH.

I am disappointed that an agency that takes – and justifiably should take -- pride in its cooperative efforts with the regulated community for the public good would not more readily understand the public policy impact of interjecting adversity into the DOH/Smithfield epi study.    I have reasonably requested an opportunity to review the documents in advance of DOH production.  You have denied that reasonable request.  Accordingly, as I told you last week, we will be filing a motion to involve the Court in this matter.   If any possibility remains for resolution, please let me know this morning.   I plan to file the motion by noon.

-Susan



**From:** Casey, Jennifer - SOL <Casey.Jennifer@DOL.GOV>
**Sent:** Tuesday, June 30, 2020 11:31 AM
**To:** Wiltsie, Susan <swiltsie@hunton.com>; Moore, Reilly <RMoore@hunton.com>
**Cc:** Finnigan, Matthew - SOL <Finnigan.Matthew@dol.gov>; Stanley, Sheila A. - OSHA <Stanley.Sheila.A@dol.gov>
**Subject:** OSHA Subpoena to State of South Dakota, Department of Health

Good Morning Susan and Reilly:

We appreciate the opportunity to speak with both of you regarding the subpoena issued to the South Dakota Department of Health ("DOH") on June 22, 2020.  DOH was directed to produce responsive

documents on Friday, June 26, 2020.  At Smithfield's request, OSHA postponed DOH's response to the subpoena to provide Smithfield and OSHA an opportunity to discuss the scope of the government's request.

On Monday, June 29th, we conferred with DOH to determine what documents the state intended to provide in response to OSHA's subpoena.  Justin Williams, counsel for the State, explained broad categories of information relevant to the subpoena and further represented that production of such materials did not contravene an agreement between Smithfield and DOH designed to share information related to the 2020 Covid-19 outbreak at Smithfield's Sioux Falls plant.  We shared Mr. Williams' conclusions with both of you yesterday.

Smithfield now proposes that it be given an opportunity to review responsive materials before production is provided to OSHA so Smithfield can confirm the substance of these materials and, if it deems it necessary, object to DOH's production to the government.  OSHA is not in a position to grant Smithfield's request.

The Act authorizes the Secretary "to enact and enforce national occupational safety and health standards, and more broadly, to undertake investigations of company workplaces and practices 'in order to carry out the purposes of this chapter.'"  Reich v. Muth, 34 F.3d 240, 242-43 (4th Cir. 1994), citing 29 U.S.C. § 657(a).  The Act further authorizes the Secretary "[i]n making his inspections and investigations under this chapter" to "require the attendance and testimony of witnesses and the production of evidence under oath . . . ."  29 U.S.C. § 657(b).  See Reich, 34 F.3d at 243.  The Act's legislative history explains that Section 657(b) "grants the Secretary of Labor a subpoena power over books, records and witnesses – a power which is customary and necessary for the proper administration and enforcement of a statute of this nature."  S. Rep. No. 1282, 91st Cong., 2d Sess. 31, reprinted in 1970 U.S.C.C.A.N. 5177, 5189.  See also In re Inland Steel Co., 492 F. Supp. 1310, 1314-15 (N.D. Ind. 1980) (discussing Act's legislative history).

The Secretary is thus authorized to issue, and is entitled to judicial enforcement of, subpoenas in the course of his inspections and investigations.  Dole v. Trinity Indus. Inc., 904 F.2d 867, 872 (3d Cir. 1990), cert. denied, 498 U.S. 998 (1990).  Compliance with a subpoena will be ordered if "the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant" to the authorized inquiry.  United States v. Morton Salt Co., 338 U.S. 632, 652 (1950).  See also Trinity Indus., 904 F.2d at 871.

We believe the information sought from the state is both relevant and necessary to OSHA's ongoing, administrative inspection of the Smithfield Sioux Falls plant.  OSHA is still gathering documents and testimony to fully understand Smithfield's response to the Covid-19 pandemic.  This is not an adversarial proceeding; rather, an administrative process in which OSHA has the authority, and statutory obligation, to collect and analyze evidence to determine whether Smithfield has complied with provisions of the Occupational Safety and Health Act.

Should you have any additional questions regarding this matter, please feel free to contact me at the number listed below.  Thank you.

*Jennifer A. Casey*
Senior Trial Attorney
U.S. Department of Labor

Office of the Solicitor
1244 Speer Blvd., Suite 515
Denver, Colorado 80204-3516
(303) 844-1756
(303) 844-1753 (fax)

This may contain information that is privileged or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you believe that you have received this in error, please contact me at the number above.

ATTENTION:  In light of the current restrictions put in place by federal, state, and local governments in response to COVID-19, the Office of the Solicitor in Denver requests that all communication and document delivery be handled electronically/via e-mail.  Until further notice, please send any documents and correspondence electronically rather than using U.S. Mail or overnight delivery services.  If a document is too large to email, please call 303-844-1756 to make arrangements on how to exchange the documents. Thank you.